# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANDREA X. WILLIAMS, | DOCKET NUMBER |
| Appellant, | AT-1221-13-0239-B-1 |
| v. | |
| SOCIAL SECURITY | DATE: December 9, 2014 |
| ADMINISTRATION, | |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Phillip Thomason, Dawsonville, Georgia, for the appellant.

Avni D. Gandhi, Esquire, and Peter S. Massaro, III, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1 The appellant has filed a petition for review of the remand initial decision, which denied his request for corrective action. For the reasons discussed below, we GRANT the appellant's petition for review, AFFIRM IN PART and VACATE

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

IN PART the administrative judge's initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant filed a complaint with the Office of Special Counsel (OSC) challenging his 14-day suspension as an act of whistleblower reprisal. Remand Appeal File (RAF), Tab 3 at 30-38. In his complaint to OSC, the appellant alleged, inter alia, that he was subjected to a hostile work environment, retaliation, and unfair labor practices and that he made protected disclosures to several individuals, including one of the agency's Regional Commissioners and the agency's Office of Inspector General (OIG), concerning these issues. *Id*. at 30, 36; *see* RAF, Tab 31 at 124-28 (OIG report), 145-47 (appellant's email to Regional Commissioner). The administrative judge found that the appellant established jurisdiction over his appeal and, following a hearing, found that the appellant failed to establish by preponderant evidence that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) and, alternatively that the agency established by clear and convincing evidence that it would have taken the same personnel action in the absence of the appellant's protected disclosure. RAF, Tab 37, Remand Initial Decision (RID) at 7-10, 11-13. The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3.

¶3    In order to secure corrective action from the Board in an individual right of action (IRA) appeal, an appellant must first seek corrective action from OSC.[2] *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 9 (2014).[3] If an

---

[2] In our prior Remand Order, we found that the appellant filed a complaint with OSC prior to filing a grievance challenging his 14-day suspension, and that he exhausted his remedies with OSC. *See* MSPB Docket No. AT-1221-13-0239-W-1, Remand Order at 3-4.

[3] Pursuant to the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. 112-199, 126 Stat. 1465, an employee may also file an IRA appeal with the Board concerning alleged reprisal for participation in certain protected activities after

appellant exhausts his remedies with OSC, he may then file an IRA appeal with the Board and must nonfrivolously allege facts which would establish jurisdiction over his appeal. *Id.* When reviewing the merits of an IRA appeal, the Board considers whether the appellant has established by a preponderance of the evidence that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) that was a contributing factor in the agency's personnel action. *Id.*, ¶ 10. If an appellant is able to offer such proof, the Board must order corrective action unless the agency can establish by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure. *Id.* Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established. *Id.*

¶4      We agree with the administrative judge that the appellant's alleged protected disclosures raising allegations of equal employment opportunity (EEO) harassment, discrimination, and retaliation do not qualify as protected disclosures under 5 U.S.C. § 2302(b)(8) and thus we AFFIRM this portion of the initial decision. RID at 5-6. Both the Federal Circuit and the Board have found that allegations of discrimination and harassment do not constitute protected disclosures of a violation of law, rule, or regulation because they pertain to matters of discrimination covered by 5 U.S.C. § 2302(b)(1)(A) and are actionable through other administrative mechanisms, such a filing an EEO complaint. *See, e.g.*, *Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 690 (Fed. Cir. 1992); *Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 84 (2001). Thus, to the extent the appellant's OSC complaint contains allegations of EEO harassment, discrimination, and retaliation, we agree with the administrative judge that these allegations are not protected disclosures under 5 U.S.C. § 2302(b)(8).

exhausting such claims with OSC. *See* 5 U.S.C. § 1221(e)(1). None of these additional bases for filing an IRA appeal with the Board, however, are at issue in this case.

¶5        We differ with the administrative judge's conclusion, however, that the appellant's disclosure of facts which could form the basis of an unfair labor practice (ULP) charge cannot also serve as the basis for a protected disclosure of a violation of law, rule, or regulation under 5 U.S.C. § 2302(b)(8) and thus we VACATE this portion of the initial decision.  RID at 7.[4]  In her remand initial decision, the administrative judge cited *Mitchell v. Department of the Treasury*, 68 M.S.P.R. 504 (1995), for the proposition that "allegations of facts which only evidence [a ULP] are not the type of disclosure Congress intended to protect under the Whistleblower Protection Act."  RID at 7.  Although this is an accurate summary of *Mitchell*, the Board further explained that "if the alleged facts underlying the ULP charge/complaint *also* would constitute independent violations of section 2302(b)(8), the employee discloses the facts through additional channels in such a way as to advance his whistleblower claim, and suffers a personnel action which he alleges is retaliation for his whistleblowing disclosure, he may avail himself of the IRA procedures."  *See Mitchell*, 68 M.S.P.R. 504, 509-10 (citing *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1035 (Fed. Cir. 1993)) (emphasis added).[5]

¶6        Here, we find that the appellant's disclosure of the facts underlying a potential ULP charge—specifically, that he was denied his right to union representation during a formal discussion with the agency—constitutes a disclosure of an independent violation of a law, rule, or regulation under section 2302(b)(8), and may form the basis of an independent claim of whistleblower reprisal.  *See id.*; *see also Loyd v. Department of the Treasury*, 69 M.S.P.R. 684,

---

[4] In her initial decision, the administrative judge found that such allegations fell under 5 U.S.C. § 2302(b)(9)(A), rather than section 2302(b)(8).  RID at 7.  As explained herein, we find that the appellant made protected disclosures under section 2302(b)(8).

[5] It is possible that this two-step analysis, of whether the underlying facts of an otherwise nonprotected disclosure of a ULP may nonetheless constitute an independent protected disclosure of a violation of section 2302(b)(8), may now be unnecessary following the enactment of the WPEA.  *See Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶¶ 5-6 (2014).

688-89 (1996).  Similar to both *Mitchell* and *Loyd*, where the employees independently disclosed the underlying facts of ULP charges and alleged that they were retaliated against because they made these disclosures, the record here reflects that the appellant disclosed to both a Regional Commissioner and the OIG that his right to union representation under 5 U.S.C. § 7114 was not honored during a formal discussion with the agency,[6] and that he was suspended for 14 days shortly after making these disclosures.  RAF, Tab 31 at 124-28, 145-47.  Consistent with these decisions, we find that the appellant made a protected disclosure under 5 U.S.C. § 2302(b)(8).  We further find that the appellant has established that his disclosures were a contributing factor in his 14-day suspension because the deciding official knew about his disclosures and because his 14-day suspension was issued within a short period of time after he made them.  *See Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 13 (2013); *see also* RID at 10 n.6 (finding that the deciding official was aware of appellant's email to the Regional Commissioner); RAF, Tab 31 at 127 (OIG summary of interview with the deciding official concerning appellant's complaint), 145 (appellant's email to the Regional Commissioner which was also sent to the deciding official).

¶7      Although the administrative judge found that the appellant failed to establish that he made protected disclosures under 5 U.S.C. § 2302(b)(8), she made alternative findings that the agency established by clear and convincing evidence that it would have suspended the appellant, even in the absence of his alleged protected disclosures.  RID at 10-13.  Congress, however, recently amended the procedures the Board must follow in adjudicating claims of whistleblower reprisal.  *See, e.g.*, *Clarke v. Department of Veterans*

---

[6] The appellant referred to this incident as a violation of his *Weingarten* rights, which similarly requires employers covered by the National Labor Relations Act to allow union representation during investigatory interviews.  *See Lim v. Department of Agriculture*, 10 M.S.P.R. 129, 130 (1982).

*Affairs*, [121 M.S.P.R. 154](), ¶ 19 n.10 (2014). Specifically, Congress amended [5 U.S.C. § 1221]()(e)(2) to provide that corrective action cannot be ordered if, "*after* a finding that a protected disclosure was a contributing factor," the agency demonstrated by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure. *Id*. (citing the WPEA) (emphasis added). Under this amendment, the Board may not proceed to the clear and convincing evidence test unless it has first made a finding that the appellant established his prima facie case. *Id*. Accordingly, because the administrative judge did not conclude that the appellant made a protected disclosure which was a contributing factor in a challenged personnel action, we find that the administrative judge erred in rendering alternative findings that the agency established by clear and convincing evidence that it would have taken the same personnel action in the absence of the appellant's protected disclosure. *Id*., ¶ 19 (declining to reach whether the administrative judge's alternative findings were proper in the absence of evidence that the appellant made protected disclosures and exhausted those disclosures with OSC). Thus, to the extent that the administrative judge made alternative findings that the agency established by clear and convincing evidence that it would have suspended the appellant, even in the absence of his alleged protected disclosures, we VACATE this portion of the initial decision.

¶8        Because, however, we find on review that the appellant made protected disclosures under [5 U.S.C. § 2302]()(b)(8), which were a contributing factor in the agency's decision to suspend the appellant for 14 days, we REMAND the case to the administrative judge to conduct further proceedings, including an analysis under *Whitmore v. Department of Labor*, [680 F.3d 1353](), 1368 (Fed. Cir. 2012), to determine whether, after considering all of the evidence in the record, the agency can prove by clear and convincing evidence that it would have taken the same personnel action. *See Herman v. Department of Justice*, [119 M.S.P.R. 642](), ¶ 15 (2013). In reaching this conclusion, we recognize that some of the administrative

judge's prior alternative findings may support the conclusion that the agency would have taken the challenged personnel action in the absence of the appellant's protected disclosures. *See, e.g.*, RID at 11, 13 (noting, inter alia, that the appellant refused to answer questions during an investigative inquiry into his conduct and that he was uncooperative, and that the proposing and deciding officials did not have a strong motive to retaliate because their conduct was not directly implicated by the appellant's disclosures concerning the possible ULP charge). The record, however, also reflects that the deciding official was aware of the appellant's allegation that the agency had committed a ULP before the agency proposed the appellant's suspension, and that she also expressed skepticism about the appellant's allegation of a ULP prior to rendering a decision on his proposed suspension. *See* RAF, Tab 31 at 127 (deciding official's statement to the OIG that the appellant's allegation of a ULP "is unfounded and not credible"). We note, moreover, that the agency's decision to suspend the appellant was rendered after the appellant made his protected disclosures to the Regional Commissioner and the OIG, and the fact that the agency had begun its investigation into the appellant's conduct prior to his disclosures does not negate the possibility that the decision to suspend him was based upon his protected whistleblowing. *See* RID at 13.

¶9      The administrative judge is in the best position to consider all of the evidence, render any necessary credibility determinations, and reissue an initial decision addressing whether the agency can establish by clear and convincing evidence that it would have taken the same personnel action in the absence of the appellant's protected disclosures. *See, e.g.*, *Mithen v. Department of Veterans Affairs*, 119 M.S.P.R. 215, ¶ 19 (2013) (remanding the case to the administrative judge for an assessment of the clear and convincing issue, including rendering credibility determinations); *Massie v. Department of Transportation*, 118 M.S.P.R. 308, ¶¶ 7-8 (2012) (remanding the case for consideration of the evidence as a whole under *Whitmore*). Although the

administrative judge has already held a hearing in this case, we find that the administrative judge should provide the appellant with the option of requesting a supplemental hearing, and after considering all of the evidence and rendering any necessary credibility determinations, the administrative judge should reissue her initial decision addressing whether the agency can establish by clear and convincing evidence that it would have suspended the appellant for 14 days in the absence of his protected disclosures. *See Durr v. Department of Veterans Affairs*, 119 M.S.P.R. 195, ¶ 18 (2013) (remanding case and providing the appellant the option of requesting a supplemental hearing).

## **ORDER**

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.